UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Campbell Soup Supply Company L.L.C. | ) | Case No. |
| 1 Campbell Place | ) | |
| Camden, NJ 08103-1701 | ) | Judge |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | **ENDORSED HEREON** |
| -vs- | ) | |
| | ) | |
| Tom Baughman Farms Ltd. | ) | |
| M614 County Road 12 | ) | |
| Napoleon, Ohio 43545 | ) | |
| | ) | |
| Defendant. | ) | |

\* \* \*

For its Complaint against Defendant Tom Baughman Farms Ltd. ("Baughman"), Campbell Soup Supply Company L.L.C. ("Campbell") states as follows:

**INTRODUCTION**

1. This case involves Baughman's sale of parsley to Campbell that resulted in contamination of certain products intended for human consumption at Campbell's plant in Napoleon, Ohio. Specifically, Campbell uses parsley as a key vegetable ingredient in *V8®* *Original Vegetable Juice*. Campbell incurred substantial damages as a result of Baughman's delivery of contaminated farm products (parsley), which damages include costs of destruction, storage, lost labor, and replacement product. Accordingly, Campbell brings this action as a result of Baughman's breach of duty, breach of implied warranties of merchantability and fitness for a particular purpose, negligent misrepresentation and breach of contract for the sale of crops.

## THE PARTIES

2. Campbell is a limited liability corporation organized and existing under the laws of the State of Delaware. Campbell's principal place of business is located in Camden, New Jersey.

3. Baughman is a limited liability company organized and existing under the laws of the State of Ohio. Baughman's principal place of business is located in Napoleon, Ohio.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over the action as there is complete diversity between Campbell and Baughman, and the amount in controversy for the claims exceeds $75,000.00.

5. Pursuant to 28 U.S.C. §1391(a), venue is proper because the actions and events that give rise to Campbell's claims occurred in Napoleon, Ohio, which lies in the judicial district for the Northern District of Ohio, Western Division.

## FACTS COMMON TO ALL CLAIMS

6. Baughman is a farming operation that has conducted business and supplied Campbell with farm products for several decades.

7. Campbell is one of the nation's best-selling producers of canned soups and a wide variety of other food and beverage products – including *V8® Original Vegetable Juice*. Campbell products are sold in grocery stores throughout the United States and abroad. Campbell products are represented as quality products and safe for human consumption.

8. Campbell has long valued its relationship with Baughman, a locally owned farming operation that provides a variety of locally grown crops and vegetables to Campbell at its Napoleon plant.

9. On or about April 23, 2019, Baughman entered into contracts for the delivery of several different vegetables to Campbell. This included the sale and delivery of 1,820,000 pounds of parsley ("Goods") to its Napoleon Plant. A true and accurate copy of the agreements are attached to the Complaint as Exhibit A.

10. At the time that the parties entered into the agreements, Baughman was aware that Campbell intended to use the Goods for production of V7 pre-mix. V7 is a pre-mix (made of carrots, celery, beets, parsley, lettuce, watercress and spinach juice) that is later combined with tomato puree to make *V8®* Original Vegetable Juice, a product that is sold by Campbell for human consumption.

11. Under the terms of the agreements, Baughman agreed to provide its farm raised vegetables with an assurance that "all materials supplied are the best of the grade specified and will conform to the description, quality, performance and [Campbell's] current specifications state or, if not stated, to standard commercial specifications in the respective industry."

12. Baughman also guaranteed that "all food materials…will comply with all applicable federal and state pure food laws…and will be free from organisms or chemicals which would make the materials unsuitable for proceeding."

13. Baughman also guaranteed that it would perform "in a good and workmanlike manner and in accordance with sound generally accepted practices; [and] in compliance with all governmental laws and regulations...."

14. Baughman subsequently delivered a load of parsley to Campbell for use in V7 production.

15. Following the delivery of the parsley, Campbell's testing lab reported that there was a problem with samples of the Baughman parsley that was resulting in contamination.

16. Campbell immediately notified Baughman about the problem and requested copies of Baughman's farm documents concerning the parsley.

17. Upon review of the spray records, Campbell discovered that on August 15, a pesticide, Warrior II, was applied to the parsley which resulted in contamination.

18. To Campbell's knowledge, Baughman had never previously used Warrior II on parsley that was sold to Campbell, and Baughman has never again used Warrior II on parsley since the incident at issue in this Complaint. To Campbell's knowledge, Baughman's use of Warrior II in 2019 was a one-time, accidental application on parsley.

19. Baughman explained to Campbell that Baughman had never intentionally sprayed the parsley to make it unfit for human consumption, but Baughman nonetheless admitted to Campbell that it was a serious mistake to have used Warrior II on the parsley.

20. While Baughman claims it did not intend the resulting injury to Campbell, it admits that the parsley that was provided by Baughman was sprayed with an unauthorized pesticide for parsley and, therefore, could not be used as intended.

21. Campbell took additional parsley samples from Baughman's farm and delivered those samples to the Napoleon plant's testing lab. These new lab tests confirmed that the parsley tested positive for Warrior II's compound.

22. As soon as Campbell discovered the Warrior II contamination, it immediately ceased V7 production using the contaminated Baughman parsley and put a distribution hold on all impacted V7 production that had already been made.

23. Baughman informed Campbell that it did not have any parsley crop ready for harvest which had not been sprayed with Warrior II such that Campbell could use it for Campbell's V7 production season.

24. Baughman personnel told Campbell employees that they understood Campbell would have to seek alternative supply of parsley.

25. Because Baughman could not fulfill its supply obligation with uncontaminated parsley during a critical time in the V7 production cycle, Campbell had no choice but to find replacement parsley on short notice, pay spot market prices, and pay freight costs to have the replacement parsley shipped from across the country.

26. Campbell also incurred lost labor, storage and destruction costs associated with the defective product.

27. As a direct and proximate result of the contaminated parsley, Campbell incurred damages and losses in an amount in excess of Six Hundred Seventy-Two Thousand Seven Hundred Sixty Four and 06/100 Dollars ($672,764.06), which amounts include destruction costs for the Goods, as well as other cross-contaminated ingredients and product at the Napoleon Plant, replacement costs, storage, and lost labor.

28. Despite repeated demands, Baughman has failed to pay Campbell for the damage incurred. Moreover, Baughman's insurance company, Hastings, has refused to provide payment on behalf of Baughman and there is pending litigation between Hastings and Baughman, Case No. 3:20-CV-02446.

<strong><u>COUNT I</u></strong><br><strong>(Breach of Contract)</strong>

29. Campbell restates and incorporates paragraphs 1 through 28 above.

30. Campbell has fully and satisfactorily performed all of its obligations under the terms of the agreements.

31. Baughman has materially breached the agreements by providing contaminated, defective, and non-conforming Goods to Campbell.

32. Baughman further breached the Agreement by failing to provide Goods that conformed to Campbell's specifications and applicable federal laws.

33. Baughman further breached the Agreement by failing to perform "in a good and workmanlike manner and in accordance with sound generally accepted practices; [and] in compliance with all governmental laws and regulations...."

34. As a direct and proximate result of Baughman's material breaches, Campbell has suffered both direct and consequential damages in an amount in excess of Six Hundred Seventy-Two Thousand Seven Hundred Sixty Four and 06/100 Dollars ($672,764.06).

## COUNT II
**(Unjust Enrichment)**

35. Campbell restates and incorporates paragraphs 1 through 34 above.

36. Campbell has conferred a benefit upon Baughman in the form of payment submitted for contaminated, defective, and non-conforming Goods.

37. By accepting payment for such defective Goods, Baughman has been unjustly enriched to the detriment of Campbell.

## COUNT III
**(Breach of Implied Warranty of Merchantability)**

38. Campbell restates and incorporates paragraphs 1 through 37 above.

39. Campbell brings this claim against Baughman pursuant to Section 1302.27 of the Ohio Commercial Code.

40. Baughman is a merchant of parsley for production in products for human consumption.

41. The implied warranty of merchantability applied to Baughman's sale of Goods to Campbell.

42. The Goods supplied by Baughman to Campbell under the agreements were not fit for the ordinary purposes for which such Goods are ordinarily used.

43. The Goods were not merchantable, as such were contaminated.

44. Baughman breached its implied warranty of merchantability.

45. As a direct and proximate result of Baughman's breach of its implied warranty of merchantability, Campbell suffered direct and consequential damages in an amount in excess of Six Hundred Seventy-Two Thousand Seven Hundred Sixty Four and 06/100 Dollars ($672,764.06).

## COUNT IV
### (Breach of Implied Warranty For A Particular Purpose)

46. Campbell restates and incorporates paragraphs 1 through 45 above.

47. Campbell brings this claim against Baughman pursuant to Section 1302.28 of the Ohio Commercial Code.

48. The implied warranty of fitness for a particular purpose applied to Baughman's sale of Goods to Campbell.

49. At the time Baughman and Campbell contracted for the sale of Goods, Baughman knew or had reason to know the particular purpose for which the Goods were required, namely human consumption.

50. At the time Baughman and Campbell contracted for the sale of Goods, Baughman knew or had reason to know that Campbell was relying upon Baughman's skill and judgment to select and furnish Goods that were suitable for their intended purpose.

51. Campbell relied on Baughman's skill and judgment.

52. Baughman did not provide suitable Goods, as such Goods were contaminated with Warrior II.

53. The Goods were not fit for the particular purpose for which they were supplied.

54. Baughman has breached its implied warranty of fitness for a particular purpose.

55. As a direct and proximate result of Baughman's breach of its implied warranty of fitness for a particular purpose, Campbell has suffered direct and consequential damages in an amount in excess of Six Hundred Seventy-Two Thousand Seven Hundred Sixty Four and 06/100 Dollars ($672,764.06).

### COUNT V
### (Negligent Farming Operations/ Negligent Misrepresentation)

56. Campbell restates and incorporates paragraphs 1 through 55 above.

57. Baughman had a duty to deliver farm raised parsley in a reasonably prudent manner.

58. Baughman negligently promoted, distributed and sold contaminated and defective Goods to Campbell.

59. In doing so, Baughman failed to properly exert quality control measures to ensure that the Goods were safe for human consumption and, in fact, supplied wrong information to Campbell about the quality of the Goods.

60. Campbell relied upon the representations made by Baughman about the quality and safety of the Goods, which Goods did not provide the attributes and benefits that Campbell reasonably sought and expected to received.

61. Baughman breached is duty owed to Campbell.

62. As a result, Campbell has suffered direct and consequential damages in an amount in excess of Six Hundred Seventy-Two Thousand Seven Hundred Sixty Four and 06/100 Dollars ($672,764.06).

**WHEREFORE**, Plaintiff Campbell Soup Supply Company L.L.C. respectfully requests that this Court award it:

**A.** damages in an amount in excess of Six Hundred Seventy-Two Thousand Seven Hundred Sixty Four and 06/100 Dollars ($672,764.06), and sufficient to compensate Campbell for Baughman's breaches of contract and warranties;

**B.** pre- and post-judgment interest;

**C.** its costs, expenses and attorneys' fees; and

**D.** such other and further relief as this Court may deem just and proper.

*/s/Rebecca E. Shope*
Rebecca E. Shope (0083942)
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, Ohio 43604
Telephone: (419) 241-9000
Fax: (419) 241-6894
E-Mail rshope@shumaker.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff respectfully demands a trial by jury of all issues so triable.

*/s/Rebecca E. Shope*
Rebecca E. Shope

Attorneys for Plaintiff